```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
UNITED STATES OF AMERICA,                :
                                         :
          -against-                      :
                                         :              MEMORANDUM & ORDER
MARK KRIVOI,                             :
                                         :              18-CR-100 (ENV)
                         Defendant.      :
----------------------------------------------------------- x
```

VITALIANO, D.J.

On November 6, 2018, defendant Mark Krivoi was found guilty by a jury of kidnapping, kidnapping conspiracy, attempted extortion and extortion conspiracy. *See* Dkt. 87. Now, at the Court's request, the parties have submitted letters regarding the necessity of an evidentiary hearing in advance of sentencing pursuant to *United States v. Fatico*, 579 F.2d 707 (2d Cir. 1977). *See* Def.'s *Fatico* Letter, Dkt. 124; Gov't *Fatico* Letter, Dkt. 125.

As a general matter, "[a] defendant has a due process right to notice of, and an opportunity to challenge the accuracy of, information on which the district court intends to rely in imposing sentence." *United States v. Berndt*, 127 F.3d 251, 257 (2d Cir. 1997). In line with that dictate, the Sentencing Guidelines provide that "[w]hen any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor." U.S.S.G. § 6A1.3(a). However, "[n]either the Due Process Clause nor the Guidelines require the district court to resolve sentencing disputes through a 'full-blown evidentiary hearing.'" *United States v. Massino*, 546 F.3d 123, 137 (2d Cir. 2008) (quoting *United States v. Phillips*, 431 F.3d 86, 93 (2d Cir. 2005)). Nor do they bar one. In short, "'[t]he procedures to be adopted for resolution of such disputes lie within the sound discretion of the sentencing judge.'" *Id.* (quoting *Berndt*, 127 F.3d at 257). Furthermore, "if there is a dispute as to a fact that the sentencing court will not rely

1

on, no resolution of that dispute is necessary." *Berndt*, 127 F.3d at 258; *see also* Fed. R. Crim. P. 32(i)(3)(B).

Rumblings of an evidentiary dispute began in Krivoi's objections to the presentence report ("PSR") and his subsequent sentencing memorandum. *See* Def.'s PSR Objections, Dkt. 103; Def.'s Sentencing Mem., Dkt. 107. In the memorandum, Krivoi argued that "[a]n evidentiary hearing must be held to probe the questionable veracity of [Pytor] Sarkisov," a state witness at his brother's double homicide trial who had alleged that Krivoi had assaulted a drug dealer thirty years ago, but whose veracity has been called into question. *Id.* at 24–25. The government filed a letter seeking leave to respond to Krivoi's sentencing memorandum and explain why an evidentiary hearing was unnecessary. *See* Dkt. 109. Krivoi opposed the request, but asked that, should the Court grant the government's request, he be given leave to file a brief sur-reply. Dkt. 111. In light of this dispute, the Court directed the parties to simultaneously submit letter briefs regarding whether an evidentiary hearing pursuant to *United States v. Fatico*, 579 F.2d at 707, was needed and, if so, as to what issues. *See* Mar. 10, 2021 Order.

Krivoi's letter brief confirms that not all of the objections he had asserted require a hearing and, effectively, to the extent that his prior submissions requested such a hearing, that request has been withdrawn. *See generally* Def.'s *Fatico* Letter. But, as to those requests Krivoi's letter renews, after considering the letter briefing, defendant's motion for a *Fatico* hearing is granted to the extent that a hearing is ordered with respect to paragraph 56 of the PSR, which relates to defendant's alleged witness intimidation in connection with the double homicide trial of his brother. *See* PSR ¶ 56, Gov't Sentencing Mem., Dkt. 105, at 39–44, Ex. 47. However, upon advice from the government that it is not prepared to proceed to a hearing on that issue, the Court orders paragraph 56 stricken from the PSR and it will disregard the attendant

parts of the government's sentencing memorandum. *See* Gov't *Fatico* Letter at 1, 4–6; *Berndt*, 127 F.3d at 258; Fed. R. Crim. P. 32(i)(3)(B) (district court may "determine that a ruling is unnecessary . . . because the court will not consider the matter in sentencing").[1]

Krivoi also renews his objection to other findings in the PSR which the Court will not consider for the purpose of determining his sentence, but which it will not order stricken from the PSR. They are:

- The allegation that Krivoi supplied the knife used to threaten the victim, Daniil Buriev, to co-defendant Ruslan Reizin. PSR ¶ 14.[2]

- Krivoi's alleged identity, bank, Social Security, deed and car insurance fraud. *Id.* ¶¶ 57, 59–62.

- Krivoi's alleged threat to kill a neighbor in Brooklyn and slashing of two neighbors' car tires. *Id.* ¶¶ 52, 58.[3]

- Krivoi's alleged false claims as to his assets. *Id.* ¶¶ 87–89.

The decision not to strike the disregarded paragraphs from the PSR is in keeping with the general rule that where such findings will not be considered in determining sentence, nor will

---

[1] Relatedly, Krivoi challenges the government's reliance on his alleged assault and extortion of a drug dealer in 1991. *See* Def.'s *Fatico* Letter at 4; Gov't Sentencing Mem. at 44–45, Ex. 48. Here, too, there currently is no credible evidence to support this finding and, since the government is not prepared to establish it at a *Fatico* hearing, the alleged conduct and the attendant portions of the government's sentencing submissions will not be considered by the Court.

[2] "The government does not object to striking the portion of ¶ 14 that refers to Krivoi having provided the knife to Reizin." Gov't Sentencing Mem. at 13; *see also* Gov't *Fatico* Letter at 3 (reiterating this position given "insufficient evidence").

[3] To the extent, however, there is any record of police involvement in connection with any of these findings, the Court will consider such records along with any related conduct acknowledged by defendant in his *Fatico* letter. *See, e.g., id.* ¶ 58 (describing neighbor's complaint filed with the New York City Police Department).

they likely affect a determination by the Bureau of Prisons as to the defendant's custodial placement, the disregarded paragraphs need not be stricken. *See, e.g.*, *United States v. Pocinoc*, 833 F. App'x 847, 849 (2d Cir. 2020); *United States v. Brickhouse*, 75 F. App'x 39, 41 (2d Cir. 2003).

Additionally, there are other facts and circumstances that were a subject of defendant's earlier objections but as to which both parties agree a *Fatico* hearing is unnecessary. *See* Def.'s *Fatico* Letter at 1–4 (citing PSR ¶¶ 14–16, 18–20, 22–23, 29, 32, 34, 38, 46); Gov't *Fatico* Letter at 1–3, 5–6.

## Conclusion

In line with the foregoing, paragraph 56 of the PSR is stricken and the Court will not consider Krivoi's alleged witness intimidation or assault and extortion of a drug dealer, nor will it consider, except consistently with the limited purposes set forth in note 3 above, the conduct outlined in PSR paragraphs 14, 55 to 62, and 108.

Sentencing is scheduled, in person, for May 26, 2021 at 12 p.m. The parties are directed to refer to the docket for further information.

So Ordered.

Dated: Brooklyn, New York
      April 19, 2021

                                                      /s/ Eric N. Vitaliano
                                                      ERIC N. VITALIANO
                                                      United States District Judge