UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                          :

UNITED STATES OF AMERICA,            :

                                :

                Plaintiff,      :     MEMORANDUM
                                :     OPINION & ORDER

        -against-              :

                                :     18-CR-100-2 (ENV)

MARK KRIVOI,                :

                                :

                Defendant.   :

                                :

------------------------------------------------------------ x

VITALIANO, D.J.

In May 2021, following a jury trial and standing convicted of kidnapping, conspiracy to commit kidnapping, attempted extortion and conspiracy to commit extortion, defendant Mark Krivoi was sentenced to four concurrent terms of 84 months' imprisonment. Pursuant to that sentence, he has been incarcerated at FCI Fort Dix in New Jersey, where, he reports, at least nine inmates have tested positive for the Covid-19 virus. Prison conditions, he contends, have made it, much like the rest of the world, "impossible to prevent transmission of [such] an infectious disease" (Def's Pet. at 3), owing in part to an alleged failure to test vaccinated inmates for the virus.

Krivoi's solution is the filing of this *pro se* "emergency release petition" asserting that prison conditions are "cruel and unusual" under the Eighth Amendment and that he should be released from confinement (Dkt. 142).[1] Although Krivoi does not style his submission as a petition for a writ of *habeas corpus*, that is precisely what it is: he challenges the manner in which

---

[1] Defendant has also filed a separate compassionate-release motion (Dkt. 137) seeking relief pursuant to U.S.C. § 3582(c)(1)(A)(i). The claims in that motion are unrelated to those raised here.

his sentence is being executed, and the relief he seeks is immediate release. *See Carabali-Ruiz v. United States*, No. 09-CV-5511 (NGG), 2012 WL 1372252, at *2 (April 19, 2012) (challenges to "the manner in which [a] sentence is being executed [should be] filed under … 28 U.S.C. § 2241," the federal habeas statute); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (prison-conditions claim concerns the execution of a sentence and is thus cognizable under § 2241).

What this also means is that Krivoi has filed his petition in an improper venue. Indeed, the proper venue for a § 2241 motion is the district of confinement, not the district of sentencing. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (generally, "for core habeas petitions challenging present physical confinement, jurisdiction lies only in one district: the district of confinement"); *Allen v. Lindsay*, No. 09-CV-1283 (KAM), 2010 WL 5067907, at *2 (E.D.N.Y. Dec. 7, 2010); *Ortiz-Alvear v. Lappin*, 08-CV-268 (JG), 2008 WL 2242559, at *2 (E.D.N.Y. May 29, 2008). Because Krivoi is presently confined in New Jersey, the District of New Jersey is where he must raise his Eighth Amendment prison-conditions claim.

Courts have broad discretion to transfer or dismiss actions filed in the wrong district. *See United States v. Needham*, 460 F. Supp. 3d 323, 326 (citing 28 U.S.C. § 1406(a); *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)); *see also Pugin v. Barr*, 20-CV-2825 (PKC), 2020 WL 3489494, at *1 (E.D.N.Y. June 26, 2020) (transferring a *pro se* motion that the Court construed liberally as a habeas petition but that was filed in the wrong district). Given petitioner's lack of counsel and allegations of serious constitutional infirmity, the Court concludes that transfer is the disposition most in line with principles of justice.

## Conclusion

For these reasons, the Clerk is respectfully directed to restyle Krivoi's emergency-release petition as a petition for a writ of *habeas corpus*, brought pursuant to § 2241, and to transfer this

petition to the United States District Court for the District of New Jersey forthwith. Local Civil Rule 83.1, requiring a seven-day stay of an order directing transfer of venue, is waived in the interest of justice.

The Clerk of Court is directed to close this case for administrative purposes.

So Ordered.

Dated: Brooklyn, New York
       January 9, 2022

/s/Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge